IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2001-FL

| | | |
|---|---|---|
| HAROLD BERNARD ELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT C. LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (DE # 9). Petitioner timely responded in opposition to the motion, and the issues raised now are ripe for adjudication. For the following reasons, the court grants summary judgment to respondent.

**STATEMENT OF CASE**

On September 17, 1993, petitioner was convicted in the Wake County Superior Court of first-degree rape and first-degree kidnaping. Petitioner was sentenced, pursuant to the Fair Sentencing Act, to a term of life imprisonment.[1]

Petitioner currently is an inmate at Tabor Correctional Institution. On April 20, 2009, petitioner was convicted of a C-03 offense for failure to obey a lawful order. Petitioner received thirty (30) days segregation, twenty (20) days good-time credit loss, thirty (30) hours of extra duty,

---

[1] Offenses committed prior to October 1, 1994, the effective date of the Structured Sentencing Act, fall under the sentencing guidelines of the Fair Sentencing Act. See N.C. Gen. Stat. 15A-1340.10; State v. Branch, 134 N.C. App. 637, 518 S.E.2d 213, 215 (1999).

sixty (60) days suspension of canteen privileges, and two months withdraw limitation on his inmate account.

Petitioner appealed his disciplinary conviction. On April 30, 2009, Chief Disciplinary Officer Hattie B. Pimpong upheld the C-03 disciplinary conviction, but reduced petitioner's punishment to thirty (30) days segregation, suspended for three months, and twenty (20) days good-time credit loss.

On January 4, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his disciplinary conviction. As relief, petitioner requests that his disciplinary charge be dismissed and his conviction be overturned.

On March 16, 2010, respondent filed a motion for summary judgment arguing that petitioner's claim is non-cognizable because, even if he is awarded his lost good-time credits, it will not reduce the length of his life sentence. Respondent also argues that petitioner's claim is without merit. Finally, respondent argues that petitioner's action should be dismissed for failure to exhaust his administrative remedies. Petitioner filed a response to respondent's motion on April 8, 2010.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring

2

trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.     Analysis

Petitioner is challenging a disciplinary conviction that resulted in his receiving thirty (30) days segregation suspended for three months and twenty (20) days good-time credit loss. Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. Id. at 563-64. However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id. Thus, petitioner may only challenge the loss of his good-time credits and not his disciplinary segregation.

Respondent argues that petitioner's claim is non-cognizable because, even if he is successful and wins back his good-time credits, it would not reduce the termination date of his sentence. Respondent contends that petitioner's sentence does not provide any opportunity for parole, such that he is not eligible to receive sentence reduction credit for any good-time credit he may accrue. See Reeves v. Herron, 2010 WL 3945115, at *4 (M.D.N.C. Oct. 6, 2010); Rios v. Bennett, 2008 WL 2115163, at *2 (W.D.N.C. May 19, 2008), appeal dismissed, 384 F. App'x 248 (4th Cir. 2010)

(unpublished). Petitioner admits in his response to respondent's motion for summary judgment that he would not be able to use his good-time credits if he was successful with this action.

In short, petitioner's loss of good-time credit resulting from his disciplinary conviction does not affect the duration of his confinement. Thus, he may not challenge his disciplinary proceeding in a federal habeas corpus petition. See Reeves, 2010 WL 3945115 at *4; Johnson-El v. Cooper, 2009 WL 1872258, at * 2 (W.D.N.C. June 29, 2009), appeal dismissed, 333 F. App'x 764 (4th Cir. 2009) (unpublished); Rios, 2008 WL 2115163 at *2. Accordingly, his claim fails.[2]

C.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been

---

[2] Even if he could state a cognizable injury by deprivation of good time credits, petitioner's procedural due process claim has no merit. He argues that his rights were violated because prison officials denied his request to call his roommate as a witness at this disciplinary hearing. But the undisputed record before the court indicates that he was permitted the opportunity to call witnesses but did not do so. Petitioner also fails to present any evidence to suggest that the outcome of his proceeding would have been different had his roommate testified. As to the other Wolff requirements, the record reflects that petitioner had advanced, written notice of the charges, and that prison officials made written findings as to his misconduct.

Petitioner's sufficiency of the evidence claim likewise does not pass muster. Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted). The evidence in the record is more than sufficient to support the disciplinary officer's findings and conclusions.

4

adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

5

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 9) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 5th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

6

Case 5:10-hc-02001-FL   Document 13   Filed 02/15/11   Page 6 of 6